

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2004

# Page v. Pittsburgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4153

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Page v. Pittsburgh" (2004). *2004 Decisions.* Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 03-4153

————

CHARLOTTE PAGE,
                                                Appellant

v.

CITY OF PITTSBURGH; KATHLEEN KRAUS,
individually and as Acting Director
of Public Safety Department

————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 02-cv-01945
District Judge:  The Honorable Robert J. Cindrich

————

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2004

————

Before: ROTH, BARRY, and CHERTOFF, <u>Circuit Judges</u>

————

(Opinion Filed: November 8, 2004)

————

OPINION

————

BARRY, <u>Circuit Judge</u>

    Charlotte Page appeals the District Court's September 18, 2003 order granting the

City of Pittsburgh's motion for summary judgment on Page's hostile work environment claim. We have jurisdiction under 28 U.S.C. § 1291.

Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). For purposes of this appeal, we must view the record in the light most favorable to Page, the non-moving party, drawing from the evidence any reasonable inferences which support her claim. *Debiec v. Cabot Corp.*, 352 F.3d 117, 128 n.3 (3d Cir. 2003). Our review is plenary. *Knabe v. Boury Corp.*, 114 F.3d 407, 410 n.4 (3d Cir. 1997).

## I.

The parties are well acquainted with the factual and procedural background of this case, and therefore we will limit our discussion of the record to those facts bearing directly on our disposition of this appeal.[1] Page, an African-American woman, was hired by the City's Bureau of Police in 1993. Page claims that, during a three-month period beginning in October 1995, she was subjected to a hostile work environment in violation of the rights afforded her by Title VII. Specifically, Page alleges that her fellow officers repeatedly targeted her for harassment on the basis of her race and that this activity was

---

[1]As the District Court noted, defendant Kathleen Kraus was entitled to summary judgment on a narrower and independent basis. We have held that only employers, and not individual employees, may be held liable under Title VII. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc). Page has not challenged this aspect of the District Court's decision.

either ignored or condoned by her supervisors. As a result of the alleged harassment, she stopped coming to work on December 31, 1995.

The District Court concluded that there was insufficient evidence, as a matter of law, to establish severe and pervasive discrimination or objectively detrimental working conditions, and that there was no basis for respondeat superior liability. We agree. Accordingly, we will affirm.

## II.

The elements of a hostile work environment claim brought under Title VII are well established. A plaintiff seeking to hold her employer liable must prove, as relevant here: (1) that she suffered intentional discrimination because of her race; (2) that the discrimination was pervasive and regular; (3) that the discrimination detrimentally affected the plaintiff; (4) that the discrimination would have detrimentally affected a reasonable person of the same race as the plaintiff, in like position; and (5) a basis for respondeat superior liability. *See Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990)). The Supreme Court has made clear that "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious)" are not actionable under Title VII. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation omitted). Instead, the harassing behavior must be "sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment." *Pennsylvania State Police v. Suders*, 124 S. Ct.

3

2342, 2347 (2004) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

We agree with the District Court that Page has not produced evidence of pervasive and regular harassment premised on her race. Page's allegations of discrimination are limited to a series of isolated incidents, all occurring in the month of October 1995,[2] interspersed with a melange of complaints having little or nothing to do with race. This evidence falls far short of establishing a regular pattern of discrimination. *Cf. Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1082 (3d Cir. 1996) (finding that summary judgment was inappropriate in a hostile work environment case where plaintiffs alleged that they were consistently harassed by their co-workers over a six-year period). In addition, none of the discriminatory incidents that Page cites were sufficiently severe, given the lack of regularity, to be actionable under Title VII. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (distinguishing "physically threatening or humiliating" statements from "mere offensive utterance[s]"). For the same reasons, Page has failed to demonstrate that the alleged discrimination would have detrimentally affected a

---

[2]Page attempts to stretch the relevant period by claiming that the initiation of disciplinary proceedings against her in December 1995, in connection with the incident at Woodson's Bar and Grill, was an exercise in bad faith discipline. There is no evidence that Sergeant Lisiecki's non-discriminatory reason for filing the Disciplinary Action Report was pretextual. Moreover, we decline Page's invitation to consider what Lisiecki did as part of a "complex tapestry of discrimination," *see Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1083-84 (3d Cir. 1996), particularly given that Lisiecki was in no way connected to any of the allegedly discriminatory October incidents. For similar reasons, we agree with the District Court that no reasonable jury could conclude that Sergeant Winkler's decision to criticize Page's report writing at roll call on October 2, 1995 was motivated by any kind of impermissible animus.

reasonable person in her position.[3]  Finally, in light of the foregoing, Page has failed to allege a cognizable basis for imputing liability to the City.

We will affirm the District Court's order of September 18, 2003.

---

[3]It follows that Page's alternative claim that she was constructively discharged necessarily fails.  *See Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 888 (3d Cir. 1984) (requiring a plaintiff claiming constructive discharge to demonstrate the existence of discriminatory working conditions "so intolerable that a reasonable person subject to them would resign").